IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | |
| : | NO.  25-183-GAW-2 |
| : | |
| TYLER NICHOLS (2) : | |

**MEMORANDUM**

For the reasons set forth at great length in its Opinion regarding Co-Defendant Dadisi William's motion to suppress, this Court finds that warrants which seek all data from a cell phone, regardless of the age of the data or the likelihood that a specific app or file type might have evidence, are impermissibly lacking in particularity and therefore unreasonable. For the following reason, Defendant Nichols is not entitled to the suppression of evidence pursuant to Motion to Suppress Cell Phone Data. (Dkt. #62).

The first reason this motion comes out so differently than Defendant Williams's motion is because this Court finds that Defendant Williams's device was seized unlawfully, and that the search warrant which authorized the search of his device was facially lacking in probable cause. This Court found that neither the seizure of the phone nor the application for the warrant could have been done in good faith, as they fell well short of the requirements of the Fourth Amendment. For that reason, the evidence found on Defendant Williams's phone was suppressed as to Defendant Williams.

1

Here, there is no allegation that Defendant Nichols's phone was illegally obtained. Further, there is ample probable cause in the warrant to search Nichols's properly seized phone. More specifically, the data unlawfully obtained from Defendant Williams's phone created ample probable cause to search Defendant Nichols's phone.

A substantial portion of the probable cause to search Defendant Nichols's phone came from the unlawfully search of Defendant Williams's phone.  It is troubling to the Court that Defendant Nichols's lack of standing to raise Defendant Williams's Fourth Amendment violations permits the inclusion of illegally obtained evidence against Defendant Nichols. After all, the motivations it creates are perverse. A hypothetical is illustrative of this Court's discomfort with this rule. If the Government struggled to build the case against the boss of a crime organization, why wouldn't the Government flagrantly violate the Constitutional rights of an underling in contact with them to get the evidence they need. Sure, they will lose that evidence as to the low-level criminal. But it will ensure the conviction against the boss. That appears, to the Court, to be a total windfall to the Government, which could be made possible by an intentional Constitutional violation.  But from oral argument, briefing, and the Court's own research, that is clearly the state of the law. This Court is bound by precedent to not permit Defendant Nichols to raise privacy interested that are not his own. As the Constitutionally violative behavior was related to Defendant Williams's rights only,  the warrant  for Defendant Nichols's phone was adequately supported by probable cause.

The closer call presented by Defendant is whether the search exceed the scope of the warrant. The debate came down to an ambiguous prepositional phrase in the following paragraph:

> Records on the device described in Attachment A-1 that relate to violations of 18 U.S.C. § 1951 (Hobbs Act Robbery and Attempted Robbery) and 18 U.S.C. § 924(c)(1)(A)(ii) (using, carrying, and brandishing a firearm during and in relation to a crime of violence), *from on or about from September 1, 2024, through January 10, 2025.* . . .

(Dkt. #62-1 at B-1) (emphasis added).

The question here is whether the phrase "from on or about September 1, 2024 through January 10, 2025" modified that data to be sought, or the crimes about which data is sought. Defendant believes that phrase modifies the "Records," and in support of that argument points out that there is no understanding of the facts in the case which would suggest that any of the offenses under investigation occurred "on or about" January 10, 2025. That, he argues, means that the best understanding is that the dates modify the records sought. The Government counters that the proximity of the propositional phrase to the list of offenses suggests it modifies those offenses, and that the inclusion of a separate date in subparagraph (h) also tilts in favor of its interpretation.

Each is an entirely plausible reading of the sentence structure. This Court's Constitutional avoidance duty would militate in favor of Defendant's interpretation. Defendant's interpretation reduces the scope of the warrant, and arguably render the warrant in compliance with the Fourth Amendment, as explained and interpreted in the Court's ruling as to Defendant Williams's motion.

This Court need not resolve that issue, because the Court is constrained to find that the good faith exception would apply here. For the Court and counsel to equally struggle with the correct grammatical reading of this sentence in this valid search warrant, makes clear that law enforcement's interpretation and reliance on the warrant as written was made in good faith.[1] For that reason, this Court finds that- as to the particularity and breadth- the good faith exception applies, and this Court cannot preclude the evidence as to Defendant Nichols.

DATED December 16, 2025         BY THE COURT:

_____
GAIL WEILHEIMER         J.

---

[1] This Court recognizes a certain tension between this decision and the one with respect to the seizure and search of Defendant Williams's phone. In Defendant Williams's case, the good faith exception did not apply, because no explanation was ever proffered which could conceivably justify taking and holding Defendant Williams's phone without a warrant, there was a long delay before obtaining a warrant, and there was a total lack of probable cause on the face of the warrant. In addition, this Court found the boundless warrant was overly broad in scope. This Court found that there was no way in which reasonable officer could find that seizure of the phone was proper or that the warrant was supported by probable cause, and therefore the good faith exception could not save the evidence in question. Here, Defendant Nichols might arguably prevail only on the argument that the warrant was overly broad. In the circumstances of this case, this Court cannot say that executing the warrant without strict time limits was necessarily in bad faith.